**James WALLACE, a.k.a. Frank Wise, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 17316.

United States Court of Appeals Sixth Circuit.

May 9, 1967.

Gilbert S. Rosenthal, New York City, Jack G. Day, Cleveland, Ohio, on brief, for appellant.

Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and McRAE, District Judge*.

PER CURIAM.

On June 23, 1934, following the change of a previously entered plea to one of guilty, petitioner-appellant was convicted and given a suspended sentence in the District Court. On November 18, 1965, petitioner sought a writ of coram nobis, praying for a setting aside of the judgment of conviction; the particular purpose of the filing of the petition is not here of importance, and similarly petitioner's explanation of the thirty-two year delay in seeking relief will be accepted for present purposes. This appeal followed the District Court's denial of the writ.

The only question presented is whether the district judge erred in holding that the petitioner did not sustain the burden of showing by a preponderance of the evidence that he neither had counsel at the time of the entry of his plea of guilty in 1934 nor that he properly waived his constitutional right to counsel.

The determination from which this appeal was perfected followed a hearing in the District Court in the course of which a substantial quantity of evidence was received. However, as might be expected in view of the period of time which has elapsed, the quality of the evidence available did not match the quantity. With one exception, the witnesses who testified frankly admitted that they had no independent recollection

---

* Honorable Robert M. McRae, Jr., United States District Judge for the Western District of Tennessee.

of the presentation of the matter in the District Court in 1934, their testimony being confined to testimony of their best recollection of the manner in which the then presiding district judge regularly conducted hearings in similar matters. The exception concerned the testimony of the petitioner himself, who stated that he was not represented by counsel at the hearing. With reference to this testimony, however, the district judge who denied the writ of coram nobis stated from the bench, "I don't think his testimony is believable. * * * I do not believe him. * * * I do not believe him and I deny the petition."

The oral opinion from which these quotations were taken (the contents of which were adopted as the court's findings of fact and conclusions of law by the terms of the order appealed from), further contained this statement: "The presumption of regularity * * * is that when this defendant appeared before this Court [in 1934] he was advised of his right to have counsel, and that he had counsel at the time he entered a plea of not guilty, either that he had counsel or that he had indicated to the Court that he didn't want counsel. This is the presumption of regularity." This conclusion and finding was based on the right of petitioner to counsel and on evidence that as a matter of procedural routine the then presiding judge always appointed counsel for a defendant who did not provide his own attorney or who did not waive his right to counsel. See Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830 (1941); and United States v. Morgan, 346 U.S. 502, 506 and 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

In this court petitioner urged that the presumption of regularity is a shield as well as a sword, and that the presence of a blank space on the official docket sheet after "Attorneys * * * For Defendant:" establishes that petitioner was not in fact represented by counsel. He specifically argued that the presumption

of regularity entitles him to a determination that since the clerk must be presumed to properly perform his ministerial duties the absence of an attorney's name in this space establishes that he had none. Such presumption, however, is in direct conflict with testimony to the effect that in 1934 in the court in question under the circumstances of this case an entry of defense counsel's name was not made. Johnson v. Zerbst, supra.

There is no indication of an abuse of discretion on the part of District Judge Girard E. Kalbfleisch in connection with the denial of the writ of coram nobis, and his determination is supported by substantial evidence adduced at the hearing thereon.

Affirmed.