STATE v. JOSEPH CASAREZ.

203 N. W. 2d 406.

January 5, 1973—No. 43481.

*Oppenheimer, Brown, Wolff, Leach & Foster* and *Charles M. Levenberg,* for appellant.

*Kenneth J. Fitzpatrick,* City Attorney, and *Pierre N. Regnier,* Assistant City Attorney, for respondent.

Considered by Knutson, C. J., and Rogosheske, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant appeals from judgment of conviction of unlawfully and intentionally tampering with a motor vehicle, Minn. St. 609.605, and from the denial of his motion to withdraw his plea of guilty. A complete transcript of the court proceedings at the time of the acceptance

of defendant's plea of guilty is not available. We reverse the conviction and in the interests of justice discharge defendant from custody.

On November 1, 1971, defendant was arrested and charged with intentionally tampering with a motor vehicle without the owner's permission. The alleged offense occurred on November 17, 1968, and the complaint and warrant were apparently issued on November 18, 1968. For reasons totally unexplained in the record, a period of almost 3 years elapsed prior to the time of the arrest of the defendant. Defendant during this entire time was gainfully employed in the city of St. Paul and was listed in the telephone book and city directory, yet no attempt was made to arrest him during this entire period. The first he knew of the charge was a telephone call to him, to which he responded by voluntarily appearing at police headquarters, where he was arrested. On November 3, 1971, he was arraigned in municipal court, St. Paul, and entered a plea of guilty and was sentenced to 30 days in the workhouse.

At the time of his arraignment and plea, defendant was not represented by counsel. A partial transcript indicates that the court did advise defendant as to his right to have an attorney present and that he did waive this right. At this time, according to an affidavit by defendant, he told the court that he had entered the car for the purpose of getting out of the cold. The defendant knew the car belonged to the owner of the restaurant he had just left. He had been waiting in the restaurant for a bus; he had missed an earlier bus and had been waiting outside to avoid missing another one, when he became cold and entered the owner's car.

It further appears that defendant in some way disengaged the vehicle's clutch, causing it to roll backwards and strike a nearby post. The owner heard the noise and came out of the restaurant and observed the defendant walking away from the vehicle.

On November 10, 1971, defendant appeared in court with counsel and moved the court to withdraw his plea of guilty, or, in the alternative, to commute the sentence. At this time, a hearing was held and a transcript made. The owner of the car, Ronald Turitto, testified that he had heard the noise of the vehicle when it struck the post and that he had gone outside and observed the defendant walking away. He further testified that he called the police department for the purpose of protecting his insurance claim. He also testified that shortly after the accident defendant appeared at his place of business, explained the circumstances, apologized, and paid for the damages, and that he, Turitto, thought no more of it and never intended to file any criminal charges against the defendant. The trial court refused to allow defendant to withdraw his

536

plea of guilty but did reduce the sentence from 30 days in the county jail to 15 days.

The transcript of the proceedings at the time of the original guilty plea and the sentencing by the trial court is so incomplete that there is no way of determining if defendant properly waived all of his rights, including his right against self-incrimination, trial by jury, and the opportunity to confront his accusers. Nor is there anything in the record showing that the trial judge discussed the consequences of the plea so that defendant would have a full understanding of its consequences. A guilty plea must appear on the record to have been voluntarily and intelligently made. If not, the plea must be vacated. Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969).

Examination of the record discloses that the owner of the vehicle would be a defense witness, that the court erred in not permitting defendant to withdraw his plea of guilty, and that the interests of justice require that the defendant be discharged from custody. Therefore, the charges against the defendant are ordered vacated and the defendant discharged from custody.

Reversed and the charges against defendant vacated and defendant discharged from custody.