## STATE v. KENNETH STELLMACH.

240 N. W. 2d 820.

March 5, 1976—No. 45386.

*C. Paul Jones*, State Public Defender, for appellant.

PER CURIAM.

Defendant contends on this appeal from judgment of conviction of unauthorized use of a motor vehicle, Minn. St. 609.55, that the trial court erred in accepting his guilty plea without specifically asking defendant if he understood what was the maximum sentence he could receive, and that because of this error he should be permitted to plead anew. We affirm defendant's conviction.

In support of his argument, defendant cites Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969). As

we stated in State v. Propotnik, 299 Minn. 56, 216 N. W. 2d 637 (1974), Boykin did not hold that a defendant is entitled to plead anew simply because the trial court failed to interrogate him about his understanding of a particular right or element of the charge or consequence of his plea of guilty. Rather, Boykin held that a guilty plea must appear on the record to have been voluntarily and intelligently made and that a waiver of constitutional rights may not be presumed from a silent record.

This case differs considerably from Boykin. Here, unlike Boykin, there is a transcript of what transpired at the time defendant entered his plea. This shows that defendant had a full opportunity to discuss the case with counsel before entering the plea. This being so, we may safely presume that counsel adequately informed him concerning the consequences of his plea. See, State v. Propotnik, *supra.*

We do not approve of the court's failure to ask the usual and appropriate questions before accepting a guilty plea, but such failure does not under the facts in this case entitle the defendant to a withdrawal of his guilty plea. It is to be hoped that all trial judges will heed and follow the requirements of Rule 15.01, Rules of Criminal Procedure, which sets forth with specificity the questions to be put to a defendant before acceptance of a guilty plea.

Affirmed.