OPINION OF THE COURT
Aaron D. Bernstein, J.
The defendant, after trial, was convicted of four counts of robbery in the first degree, two counts of robbery in the second degree; one count of grand larceny in the third degree; and, one count of criminal possession of a weapon in the second degree.
At the date for sentence, the People filed a statement alleging two prior violent felony convictions pursuant to CPL 400.15. The People urged that these convictions be the predicate for adjudging the defendant to be a persistent violent felony offender, pursuant to section 70.08 of the Penal Law. One of the predicate convictions was obtained in the Supreme Court, Kings County, for robbery in the second degree upon a plea of guilty on August 5,1975. The other conviction claimed to be a predicate was obtained in New York County on October 20, 1975 for attempted robbery in the first degree. The defendant contends that the plea obtained in New York County was obtained in violation of his constitutional rights. He contends that he was not adequately advised of all the rights he was waiving when he pleaded guilty to the attempted robbery in the *597 first degree in New York County. Pursuant to CPL 400.15 a hearing was held to determine whether the prior conviction was obtained in violation of the defendant’s rights. The defendant makes no claim as to the validity of the Kings County conviction. In the New York County conviction for attempted robbery in the first degree, the allocution concerning his waiver of rights is as follows:
“the court: You are giving up your right to be brought before a jury. Do you understant [sic] that?
the defendant: Yes.”
In People v Pruitt (83 AD2d 872, 873) the court said: “During the allocution prior to the plea of guilty upon which the predicate felony conviction was rendered, defendant was not told, nor did the People show that he knew, that by pleading guilty he would waive (1) his rights to confront witnesses and have a trial by jury, and (2) his privilege against self incrimination. Accordingly, that conviction cannot be deemed a predicate felony for purposes of sentencing pursuant to section 70.06 of the Penal Law (see CPL 400.21, subd 7, pars [a], [b]; People v De Berry, 73 AD2d 652).”
The District Attorney, with his usual commendable candor, concedes that the allocution is constitutionally defective. However, he urges that the test is two-pronged; he contends that either the allocution can show the defendant’s knowing waiver or the People may introduce independent proof showing that the defendant knew he was waiving those rights. The District Attorney claims that the defendant having admittedly received a proper allocution in the Kings County plea prior to the New York plea knew of the constitutional rights he was waiving. This court rejects that contention. The plain words of the Appellate Division require that the allocution itself shows that the defendant was either told of the rights he was waiving or he knew of the rights he was waiving. The allocution in the instant case shows neither.
Any doubt is resolved by the case of People v Brown (67 AD2d 949). In that case the court held (p 950) that a felony conviction could not be used as a predicate felony for imposing sentence because “[t]he 1971 plea minutes reveal *598 that defendant’s knowledge of the consequences of and alternatives to the plea were not sufficiently explored by the trial court” (emphasis added).
The contrary interpretation urged by the People would, in fact, dilute the requirement that the allocution contained the waivers. In most cases these defendants have, at least somewhere in their criminal history, pleaded guilty. If the only requirement was to show that the defendant had pleaded guilty with a proper allocution at any time prior to the defective allocution there would rarely be the need to inquire of the defendant that he realize that he is waiving his constitutional rights.
Accordingly, the court holds that the prior violent felony conviction in New York County on October 20,1975 cannot be used as a predicate for persistent violent felony offender treatment.