STATE of Minnesota, Respondent,

v.

Paul Richard NORDSTROM, Appellant.

No. C0–82–1069.

Supreme Court of Minnesota.

March 25, 1983.

O'Brien, Ehrick, Wolf, Deaner & Downing and Charles F. Richards, Rochester, for appellant.

Hubert H. Humphrey, III, Atty. Gen., and Norman B. Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul, Douglas J. Gregor, Asst. Rochester City Atty., Rochester, for respondent.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, amicus curiae.

WAHL, Justice.

The legislature, in 1982, enacted certain amendments to the DWI statute, Minn.Stat. § 169.121 (1982), which authorize the arrest of DWI suspects on probable cause and convert misdemeanor DWI offenses to gross misdemeanor DWI offenses in certain cases.[1] In this case, defendant having challenged those provisions, the Olmsted County District Court has certified to this court two questions as follows:

1. Does 1982 Minn.Laws, ch. 423, § 4,[2] violate the individual's right to counsel, protected by the United States Constitution, the Minnesota Constitution, or Minnesota Statutes, when it is applied to individuals who were uncounseled but received only a fine as penalty for their prior violation and are subsequently subject to possible gross misdemeanor penalties for a new offense instead of misdemeanor penalties, based on that prior offense?

2. Does 1982 Minn.Laws, ch. 423, § 2,[3] violate the constitutional right to equal protection by allowing a DWI arrest for acts not committed in the presence of police, in certain limited circumstances, if probable cause is established?

The parties have stipulated to the following facts:

On May 4, 1979, Paul Richard Nordstrom was arrested in the City of Rochester for an offense of driving while under the influence of alcohol. On May 18, 1979, Mr. Nordstrom appeared in Olmsted County Court without the assistance of counsel and pled guilty to a charge of driving while under the influence of alcohol, a misdemeanor crime punishable by a maximum penalty of a $500.00 fine, 90 days in jail, or both. Sentencing occurred the same date and without the assistance of counsel, and Mr. Nordstrom was fined

---

1. Minn.Stat. § 169.121 (1982) reads, in pertinent part:

    Subdivision 1. * * * When an accident has occurred, a peace officer may lawfully arrest a person for violation of this section without a warrant upon probable cause, without regard to whether the violation was committed in the officer's presence.

    *   *   *   *   *   *

    Subd. 3.  * * * The following persons are guilty of a gross misdemeanor:

    (a) A person who violates this section or an ordinance in conformity therewith within

five years of a prior conviction under this section or an ordinance in conformity therewith; and

    (b) A person who violates this section or an ordinance in conformity therewith within ten years of two or more prior convictions under this section or an ordinance in conformity therewith.

2. Minn.Stat. § 169.121, subd. 3.

3. Minn.Stat. § 169.121, subd. 1.

$300.00. Mr. Nordstrom was not indigent at the time of his plea.

Judges of Olmsted County Court typically advise persons appearing for arraignment as a group of their various constitutional rights, including their right to counsel. Judge Lawrence Agerter was the presiding judge at Mr. Nordstrom's arraignment before the Olmsted County Court. If called to testify, he would state that he typically advises persons tendering pleas of guilty to misdemeanor offenses of their right to counsel and requires a verbal waiver of such right before he accepts their plea of guilty. However, Judge Agerter has no independent recollection of an individual warning of his right to counsel or of requiring a verbal waiver of such right from Mr. Nordstrom. Mr. Nordstrom does not recall receiving any group warning at the time of his arraignment nor does he recall any individual advice to him from the judge concerning his right to counsel. There are no notes, court documents, or other materials which would confirm either that Mr. Nordstrom was present for any group advice on his constitutional rights or that he received any individual advice concerning his constitutional rights from the court.

It is this uncounseled plea which serves as the basis of converting Mr. Nordstrom's activities on May 13, 1982 into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3(a).

On May 13, 1982, Mr. Nordstrom was arrested by Officer Daniel Pulford of the Rochester Police Department. The arrest would have been illegal under Minn.Stat. § 629.34, as Officer Pulford did not observe any driving conduct, operation, or actual physical control of a motor vehicle by Mr. Nordstrom, and the offense was not "committed in his presence." However, the said arrest was facially valid under Minn.Stat. § 169.121, subd. 1, as amended by the 1982 Minnesota Legislature, as an accident had occurred and as probable cause to establish a violation of driving under the influence of alcohol was established by the officer prior to the arrest.

1. The first certified question must be restated in light of the stipulated facts. The question before the trial court and before this court is whether a prior misdemeanor DWI conviction based on an uncounseled plea of guilty can be used to convert a subsequent DWI offense into a gross misdemeanor under section 169.121, subd. 3(a) absent a valid waiver of counsel on the record. The state seeks to use such a prior conviction to bring about a gross misdemeanor conviction in defendant Nordstrom's case. Nordstrom contends that he should be prosecuted only for a misdemeanor because his prior conviction, based on an uncounseled and unrecorded guilty plea, is in violation of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Casarez,* 295 Minn. 534, 203 N.W.2d 406 (1973); and Minn.R.Crim.P. 5.01(b), 15.-02 and 15.09 and cannot be used to prove the gross misdemeanor.

One accused in a criminal prosecution, misdemeanor as well as felony, has a right to the assistance of counsel under Minn. Const. art. 1, § 6 and, further, must be informed of that right to counsel.[4] *State v. Moosbrugger,* 263 Minn. 56, 116 N.W.2d 68 (1962).

Rules 5.01(b) and 15.02 of the Minnesota Rules of Criminal Procedure mandate that a defendant must be informed of his right to counsel in misdemeanors, and to appointed counsel if indigent.[5]

> The judge, judicial officer, or other duly authorized personnel shall advise the defendant substantially as follows:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) That he has a right to counsel in all subsequent proceedings, including police line-ups and interrogations, and if he appears without counsel and is financially unable to

---

**4.** A defendant must be informed of his right to counsel even in nonincarcerative cases where serious economic hardships could result. *City of Minneapolis v. Wentworth,* 269 N.W.2d 882, 884 (Minn.1978).

**5.** Minn.R.Crim.P. 5.01 reads, in pertinent part:

■ Not only must a defendant be informed of his right to counsel before pleading guilty, he must make a knowing and intelligent waiver of that right on the record.[6] *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *State v. Casarez,* 203 N.W.2d 406. Furthermore, the Minnesota Rules of Criminal Procedure set out in Rule 15.09 the record of guilty plea proceedings which must be made by Minnesota courts.[7] In the case of misdemeanors, a verbatim record "shall be made" or "a petition to enter a plea of guilty, as provided in the Appendix B to Rule 15, shall be filed with the court." The Comments to Rule 15.09, citing *Casarez, Boykin* and *Mills v. Municipal Court,* 10 Cal.3d 288, 110 Cal. Rptr. 329, 515 P.2d 273 (1973), note: "This provision for either a verbatim record or a petition is included to satisfy the constitutional requirement that a plea to a misdemeanor offense punishable by incarceration must be shown on the record to be knowingly and voluntarily entered." There is no record whatsoever in relation to Nordstrom's guilty plea and conviction.

■ Where a defendant is unrepresented and there is no record of waiver of counsel, a prior conviction may be collaterally attacked on constitutional grounds and invalidated in a subsequent proceeding for purposes of an enhanced penalty statute, *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In *Baldasar,* the United States Supreme Court refused to permit an uncounseled misdemeanor conviction to be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony.

■ The state argues that under *Baldasar* a defendant's federal constitutional right to counsel is not violated in a case where, as here, the conviction is punishable by imprisonment of 90 days and the defendant is not in fact incarcerated but receives only a fine, so that the conviction is valid for enhancement purposes. The state has also recognized, however, that, regardless of federal constitutional underpinnings, Minnesota law has established a broad-based right to counsel which goes beyond the dictates of *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), and *Ar-*

afford counsel, that counsel will forthwith be appointed without cost to him if he is charged with an offense punishable upon conviction by incarceration.

Minn.R.Crim.P. 15.02 reads, in pertinent part:

Before the court accepts a plea of guilty to any offense punishable upon conviction by incarceration, any plea agreement shall be explained in open court. The defendant shall then be questioned by the court or counsel in substance as follows:

\* \* \* \* \* \*

3. Whether he knows that he has a right to the assistance of counsel at every stage of the proceedings and that counsel will be appointed for him if he cannot afford counsel.

\* \* \* \* \* \*

5. Whether he waives these rights.

\* \* \* \* \* \*

Where the guilty plea is being entered at the defendant's first appearance in court, the statement as to his rights required by Rule 5.01 may be combined with the questioning required above prior to entry of a guilty plea.

6. Waiver has particularly far-reaching effects in the context of a guilty plea, because a guilty plea is itself a conviction and is a relinquishment of three important federal constitutional rights: the privilege against self-incrimination, the right to trial by jury, and the right of

confrontation. *Boykin v. Alabama,* 395 U.S. at 242, 89 S.Ct. at 1711. A waiver of such constitutional rights will not be presumed from a silent record. *Id.; Burgett v. Texas,* 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967); *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *State v. Stellmach,* 307 Minn. 359, 360, 240 N.W.2d 820, 821 (1976); *State v. Propotnik,* 299 Minn. 56, 57–58, 216 N.W.2d 637, 638 (1974).

7. Upon a guilty plea to an offense punishable by incarceration, either a verbatim record of the proceedings shall be made, or in the case of misdemeanors, a petition to enter a plea of guilty, as provided in the Appendix B to Rule 15, shall be filed with the court. Recording equipment may be used, but upon the request of any party, the court in its discretion may require the proceedings to be recorded by a court reporter. In felony and gross misdemeanor cases, any verbatim record made in accordance with this rule shall be transcribed. In misdemeanor cases, any such record need not be transcribed unless requested by the court, the defendant or the prosecuting attorney.

Minn.R.Crim.P. 15.09.

*gersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (right of indigent defendant to appointed counsel whenever convicted of an offense and actually imprisoned). Five years before *Argersinger* was decided, this court, in the exercise of its supervisory power to insure the fair administration of justice, decided "that counsel should be provided in any case, whether it be a misdemeanor or not, which *may* lead to incarceration in a penal institution." *State v. Borst,* 278 Minn. 388, 397, 154 N.W.2d 888, 894 (1967) (emphasis added). Our concern, expressed in *Borst,* that an accused person may wind up in jail without the assistance of counsel to present what defense he may have remains unchanged. That right to counsel and the Rules of Criminal Procedure we have established to protect it must be observed. Whether a defendant is indigent or not, there must be a valid waiver of the right to counsel on the record when the plea of guilty is entered or that conviction cannot be used to enhance the term of incarceration for a subsequent offense.[8]

In *Baldasar* there was a record, but that record did not indicate any formal waiver of counsel. In Nordstrom's case there is no record. As the statement of stipulated facts sets out, "[t]here are no notes, court documents, or other materials which would confirm either that Mr. Nordstrom was present for any group advice * * * or that he received any individual advice concerning his constitutional rights from the court." The state argues that, because Rule 15.09 does not require a record in a misdemeanor case to be transcribed unless requested by the court, the defendant or the prosecution, the court is, in this case, relieved of record-keeping requirements. Rule 15.09 does state that the record need not be transcribed in misdemeanor cases unless requested. It does not state that the

record may be destroyed. Courts have the option under Rule 15.09 of retaining the untranscribed tape or reporter's notes in case of appeal of misdemeanor guilty plea convictions *or* of requiring that a petition to enter a plea of guilty as provided in Appendix B to Rule 15 be signed by the defendant and filed with the court as part of the record. Otherwise adequate review by this court of prior convictions under constitutional attack is impossible. In our view, the filing of a petition for the record is not a burdensome requirement.

■ Questions have been raised by the state as to the burden of proof and where that burden should lie. The proper procedure was followed in this case. The state charged a gross misdemeanor DWI based on a prior misdemeanor DWI conviction occurring within 5 years of the present offense. The defendant properly challenged, in a pretrial proceeding, the constitutional validity of the prior misdemeanor conviction as the basis for the gross misdemeanor DWI charge. The burden is then on the state, as we determined it to be in other constitutional challenges to the admissibility of evidence in *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 554, 141 N.W.2d 3, 13–14 (1965), to show that the contested evidence, in this case the prior conviction, was obtained consistent with constitutional requirements.

■ The state has not shown, absent the record required by Rule 15.09, a valid waiver of defendant's right to counsel. Absent that valid waiver on the record of defendant's right to counsel, the misdemeanor DWI conviction based on an uncounseled plea of guilty cannot be used as the basis of a gross misdemeanor charge under section 169.121, subds. 1 and 3. The order of the trial court is reversed as to this issue. The prosecution can be for a misdemeanor only.

**8.** Other courts facing the issue have so held: *Burgett v. Texas,* 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 8 L.Ed.2d 70 (1967); *Reeves v. Mabry,* 615 F.2d 489, 491–92 (8th Cir.1980); *United States ex rel. Lasky v. LaVallee,* 472 F.2d 960, 963 (2nd Cir.1973); *United States v. Lufman,* 457 F.2d 165, 167 (7th Cir.1972); *United States v. Rife,* 514 F.Supp. 368, 375 (S.D.

Ohio 1981); *People v. McCarty,* 101 Ill.App.3d 355, 358–59, 56 Ill.Dec. 836, 838–39, 427 N.E.2d 1382, 1384–85 (1981); *State v. Stephenson,* 412 So.2d 553, 555 (La.1982); *People v. Washington,* 111 Misc.2d 596, 444 N.Y.S.2d 507 (1981); *Maghe v. State,* 507 P.2d 950 (Okl. 1973); *State v. Grenvik,* 291 Or. 99, 628 P.2d 1195 (1981).

2. The second certified question raises a constitutional challenge to the provisions of 1982 Minn.Laws, ch. 423, § 2, which permit a peace officer to make an arrest of a person upon probable cause for violation of Minn.Stat. § 169.121 (1982) when the offense is not committed in the presence of the officer.

█ In Minnesota, a person may not be arrested for a misdemeanor offense without a warrant unless the offense was committed in the officer's presence. Minn.Stat. § 629.34, subd. 1 (1982). The legislature, however, has made several exceptions to this rule,[9] the most recent being 1982 Minn. Laws, ch. 423, § 2. Nordstrom contends that this statute violates his constitutional right to equal protection of the laws. We agree with the trial court that it does not.

The Constitutions of the United States and the State of Minnesota guarantee that every person shall be free from arbitrary and intentional discrimination, but we have not found such discrimination in a law where there is a sufficient distinction between two classes of persons to justify applying rules to one class not applicable to the other, where there is a reasonable basis for that distinction, and where the classification is relevant to the purpose of the law. *Price v. Amdal,* 256 N.W.2d 461, 468 (Minn. 1977); *Schwartz v. Talmo,* 295 Minn. 356, 362, 205 N.W.2d 318, 322, *appeal dismissed,* 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973). First, the classification must embrace "all who are similarly situated with respect to conditions or wants justifying appropriate legislation." *Id.* The statute under consideration here applies to all persons under the influence of alcohol and controlled substances, a classification which justifies applying rules not applicable to persons not under the influence. There is, furthermore, a reasonable or rational basis for the distinction which separates those within the classification from those without. The state has a compelling interest in

public safety on the highways and, in the proper exercise of its police power, has enacted this statute to protect that interest. *Mackey v. Montrym,* 443 U.S. 1, 17, 99 S.Ct. 2612, 2620, 61 L.Ed.2d 321 (1979); *State Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981). As Chief Justice Burger noted in *Mackey,* 443 U.S. at 17, 99 S.Ct. at 2620, the states are afforded "great leeway in adopting summary procedures to protect public health and safety."

Finally, the classification of the statute under consideration is relevant to the purpose of the law. That purpose is to ensure public safety by removing intoxicated drivers from the road before they can cause further damage when there is probable cause to believe that they have already been the cause of injury to persons or property and to ensure that such offenders are effectively prosecuted for their violations. We hold that 1982 Minn.Laws, ch. 423, § 2, which permits a police officer to make an arrest of a person upon probable cause for a violation of Minn.Stat. § 169.121 (1982) when the offense is not committed in the presence of the officer, does not deny equal protection of the laws to that person. The trial court properly denied defendant Nordstrom's motion to suppress all evidence obtained pursuant to his arrest.

The first certified question is answered, in effect, in the affirmative. The second certified question is answered in the negative. The order of the trial court is reversed in part, affirmed in part, and the case is remanded for further proceedings.

Reversed in part; affirmed in part; remanded.

---

**9.** *See* Minn.Stat. § 169.44, subd. 1c (1982) (probable cause arrest allowable for one suspected of driving through a school bus stop sign); section 629.341 (1982) (probable cause arrest allowable in domestic violence situations); section 629.366 (1982) (probable cause arrest allowable for shoplifters).