STATE of Minnesota, Appellant,

v.

Laura Caroline MEDENWALDT,
Respondent.

No. C5–83–1398.

Court of Appeals of Minnesota.

Jan. 4, 1984.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, Daniel R. Sandell, Wilkin County Atty., Breckenridge, for appellant.

Jon K. Dalager, Breckenridge, C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for amicus curiae.

Heard, considered and decided by PARKER, J., P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal from an order of the County Court of Wilkin County dismissing a formal complaint charging gross misdemeanor violations of Minn.Stat. § 169.121, subd. 1(a) and (d) and 3(a) (1982). We affirm.

On February 26, 1983, Laura Medenwaldt was arrested for driving under the influence of alcohol and driving with an alcohol concentration of .10 or more. The formal complaint, filed on March 21, 1983, charged each count as a gross misdemeanor because Medenwaldt had a prior misdemeanor conviction under the same statute within five years. On April 8, 1983, Medenwaldt's attorney served written notice of motion and motion to dismiss both charges on the basis that the prior conviction of November 10, 1980, was an uncounseled guilty plea that could not be used for enhancement purposes because it violated defendant's sixth amendment rights.

A pretrial hearing was held on June 10, 1983, to determine whether this plea could be used to convert the subsequent DWI charges into gross misdemeanors. The county court judge who presided at the November 10, 1980, arraignment testified to his customary procedures in misdemeanor arraignments. He typically advises defendants as a group of their rights, including the right to counsel and court-appointed counsel if indigent. He also uses a pre-printed form entitled "Court Minutes and Judgment" to indicate whether a defendant requests an attorney. This form has a space for the judge's signature and was signed by the judge, indicating that Medenwaldt did not want an attorney. He further testified that he had an independent recollection of Medenwaldt's appearance in the County Court on November 10, 1980, but did not have an independent or specific recollection of advising Medenwaldt of her right to counsel or of her verbal waiver of that right. He could not be absolutely certain whether the arraignment had been tape recorded, but was certain that no tape now existed and that no court reporter had been present. Medenwaldt did not submit a written petition to enter a plea of guilty. The procedures used by the arraignment judge fall within the minimum requirements of Minn.R.Crim.P. 15.02 and 15.03 as set forth in *State v. Motl*, 337 N.W.2d 664 (Minn.1983), with one exception: there was no record of the proceeding as required by 15.03.

The trial court concluded that Medenwaldt's November 10, 1980, conviction could not be used as a basis to charge the counts as gross misdemeanors because the State did not adequately meet its required showing that Medenwaldt's prior uncoun-

seled misdemeanor conviction was obtained in a manner consistent with constitutional requirements. The State appeals and makes the following contentions:

1. The trial court erred in ruling that the State failed to show that the prior conviction was constitutionally valid; and

2. The defendant did not make any showing that her prior conviction was constitutionally invalid for enhancement purposes.

(1) In *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983), the court held that absent a valid waiver on the record of defendant's right to counsel, the misdemeanor DWI conviction, based on an uncounseled plea of guilty, cannot be used as a basis of a gross misdemeanor charge under Minn.Stat. § 169.121, subd. 1 and 3. The *Nordstrom* stipulated fact situation is very similar to the fact situation in this case. The only real distinction is that in this case the arraignment judge used a preprinted form which said:

> Pursuant to the Minnesota Rules of Criminal Procedure, the Court advised the defendant of his rights, the law, the charge, penalties, procedures, etc. The defendant indicated that he understood and did (not) want an attorney.

Medenwaldt did not sign this form. It is not shown to defendants and it is not designed for defendants' signatures. This form is not sufficient to meet the requirements imposed by the Minnesota Rules of Criminal Procedure. Rule 15.09 requires a Petition to Enter a Plea of Guilty or a verbatim record of the proceedings. Moreover, while allowing group warnings, Rule 15.03 restates the requirement that the court's statement of rights "shall be recorded" and that defendant "shall then be questioned on the record."

Neither the form nor the procedure used in this case is sufficient to satisfy the constitutional requirements referred to in *Nordstrom:*

> Not only must a defendant be informed of his right to counsel before pleading

guilty, he must make a knowing and intelligent waiver of that right on the record. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *State v. Casarez* [295 Minn. 534], 203 N.W.2d 406 * * * The Comments to Rule 15.09, citing *Casarez, Boykin* and *Mills v. Municipal Court*, 10 Cal.3d 288, 110 Cal. Rptr. 329, 515 P.2d 273 (1973), note: 'This provision for either a verbatim record or a petition is included to satisfy the constitutional requirement that a plea to a misdemeanor offense punishable by incarceration must be shown on the record to be knowingly and voluntarily entered.'

*Nordstrom*, 331 N.W.2d at 904.

The court observed "there is no record whatsoever in relation to Nordstrom's guilty plea and conviction." *Id.* The Medenwaldt record is similarly silent. We therefore conclude that the trial court judge did not err in determining that the State did not adequately meet its required burden of showing that the prior misdemeanor conviction of Medenwaldt was obtained consistent with constitutional requirements.

(2) Defendant raised the issue of the unconstitutionality of the use of the predicate plea for enhancement purposes by written motion setting forth the basis for that motion. At the hearing, the State objected on the ground that the defendant had not made any showing that she was not properly advised of her rights or that she had not knowingly waived her rights. The State contends that a defendant is obligated to make a prima facie showing that the predicate conviction is invalid before the State has the burden of going forward with the evidence. In *Nordstrom*, the court set forth the procedure to be followed:

> Questions have been raised by the state as to the burden of proof and where that burden should lie. The proper procedure was followed in this case. The state charged a gross misdemeanor DWI based on a prior misdemeanor DWI conviction occurring within 5 years of the

present offense. The defendant properly challenged, in a pretrial proceeding, the constitutional validity of the prior misdemeanor conviction as the basis for the gross misdemeanor DWI charge. The burden is then on the state, as we determined it to be in other constitutional challenges to the admissibility of evidence in *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 554, 141 N.W.2d 3, 13–14 (1965), to show that the contested evidence, in this case the prior conviction, was obtained consistent with constitutional requirements.

*Nordstrom,* 331 N.W.2d at 905.

The cited reference in *Nordstrom* to *Rasmussen* reads as follows:

If the defendant elects to contest the admissibility of the evidence upon Federal constitutional grounds, a pretrial fact hearing on the admissibility of the evidence will be held in open court with the defendant present and represented or advised by counsel. Upon the record of the evidence elicited at the time of such hearing, a determination by the trial court as to whether the receipt of the evidence contested will vitiate defendant's constitutional rights will be made. It will be the obligation of the state to proceed first at such a hearing identifying the evidence which will be offered against the defendant and showing that the circumstances under which it was obtained were consistent with constitutional requirements. The defendant in presenting his case in opposition to the claims of admissibility may testify without waiver of his constitutional privilege against self-incrimination.

*Rasmussen,* 272 Minn. at 554, 141 N.W.2d at 13–14 (footnote omitted).

The *Rasmussen* procedure is not strictly applicable to the *Nordstrom* situation. Because the information concerning the previous conviction is known to the defendant, and because the State's indication of intent to use the predicate conviction is clear on the face of the complaint, it is not necessary for notice to be given under Rule 7, Minn.R.Crim.P. In this case, Medenwaldt proceeded under Rule 10.04 and provided written notice of motion and motion for dismissal setting forth the grounds for the motion. Rule 10.04 requires that the motion be made in writing and served upon opposing counsel no later than three days before the Omnibus Hearing unless the court, for good cause, permits the motion to be made and served at a later time. This allows the prosecution an opportunity to obtain the record in advance of the omnibus hearing and assists the court in the efficient scheduling and disposition of these motions.

Although we cannot interpret *Nordstrom* or *Rasmussen* to impose a burden on the defendant to present a prima facie case, the provisions of Rule 10.04 which were followed in this case are applicable to motions brought under *Nordstrom.*

The trial court held that Medenwaldt properly challenged the constitutional validity of the misdemeanor as a basis for the gross misdemeanor charge. We affirm.

Attorney's fees in the amount of $400 are allowed defendant.