**STATE of Minnesota, Appellant,**

v.

**Scott Arthur RAU, Respondent.**

**No. C2-84-1840.**

Court of Appeals of Minnesota.

May 14, 1985.

Review Denied July 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., Patrick T. Strom, John D. Ellenbecker, Asst. Co. Attys., St. Cloud, for appellant.

C. Paul Jones, Minnesota State Public Defender, Brian I. Rademacher, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

The State appeals a pretrial order granting the defendant's motion to dismiss gross misdemeanor charges of driving while under the influence of alcohol and driving with an alcohol concentration of .10 or more, committed within five years of a previous DWI conviction. The trial court dismissed the charges on the ground that the record does not show that the defendant was advised of his right to confront and cross-examine witnesses or his right to subpoena witnesses. We reverse.

## FACTS

On July 24, 1984, respondent Scott Rau was charged with two counts of aggravated DWI in violation of Minn.Stat. § 169.-121, subds. 1(a), 1(d), and 3(a) (1984), and with operating a motorcycle without the proper license endorsement in violation of *id.* § 169.974, subd. 2. At the omnibus hearing Rau moved to dismiss the gross misdemeanor charges on the basis that his guilty plea to a 1982 DWI charge was constitutionally deficient and could not be used to convert the current charges to gross misdemeanors.

The 1982 conviction followed Rau's arrest for DWI, driving with expired license tabs, and disorderly conduct. A blood sample revealed an alcohol concentration of .19. Rau filled out and signed two different acknowledgment-of-rights forms, one for the misdemeanor DWI charge and one for the petty misdemeanor expired license tab charge.

The misdemeanor acknowledgment-of-rights form advised Rau of his right to a continuance to consult with a court-appointed attorney and to a trial by jury. It did not advise him of the right to confront and cross-examine witnesses. The petty misdemeanor acknowledgment-of-rights form, however, advised him, in addition, of the presumption of innocence until proven guilty beyond a reasonable doubt, the right to remain silent, and the right to confront and cross-examine all witnesses against him. Neither form advised him of the right to subpoena witnesses. Rau pled guilty to the DWI charge at his first appearance and did not receive a group advisory or sign a petition to plead guilty as provided in Minn.R.Crim.P. 15.03.

After the omnibus hearing on the current DWI charges, the trial court granted Rau's motion to dismiss the gross misdemeanor counts. The court reasoned:

[T]he record of the prior proceedings does not indicate that the Defendant knowingly and intelligently waived his right to counsel, since the Defendant was not informed of his right to subpoena witnesses and his right to confront and cross-examine the State's witnesses. * * The uncounselled guilty plea cannot therefore be used to convert the subsequent DWI offense into a gross misdemeanor.

### ISSUES

1. Did Rau validly waive his right to counsel when he pled guilty to DWI in 1982?

2. Must the State show a valid waiver of the right to confront and cross-examine witnesses and the right to subpoena witnesses before a prior conviction can be used to enhance the penalty for a second offense?

### ANALYSIS

#### I

■ In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the Minnesota Supreme Court held that a prior misdemeanor DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor absent a valid waiver of counsel on the record. *See id.* at 905. The State contends the trial court erred in finding that Rau did not knowingly and intelligently waive his right to counsel because he was not advised of how counsel might have aided him through use of the right to confront and subpoena witnesses.

■ Rau signed two acknowledgment-of-rights forms advising him that he had a right to be represented by an attorney at all stages of the proceedings and a right to a continuance to consult an attorney. He specifically marked on the form, in response to question 6, that he did not want a court-appointed attorney. When he submitted the plea, the proceedings were recorded and show that the trial judge elicited an adequate factual basis for the plea

and asked him whether he understood his rights. We hold that Rau validly waived his right to counsel on the record. *Cf. State v. Clark*, 361 N.W.2d 104, 107 (Minn. Ct.App.1985) (a signed petition to plead guilty is a prima facie showing of a valid waiver of counsel). That Rau was not informed of other constitutional rights does not invalidate his waiver of the right to counsel.

#### II

The State contends that it is only required to show a valid waiver of counsel in order to enhance the penalty for a second DWI offense and need not show a valid waiver of other constitutional rights, such as the right to confront and cross-examine witnesses and the right to subpoena witnesses.

In *Nordstrom* the court said that waiver of three other constitutional rights would not be presumed from a silent record: the privilege against self-incrimination, the right to trial by jury, and the right of confrontation. 331 N.W.2d at 904 n. 6 (citing, *inter alia, Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969)); *see also State v. Casarez*, 295 Minn. 534, 536, 203 N.W.2d 406, 408 (1973). The court also said that the burden is on the State to show that the prior conviction was obtained consistently with "constitutional requirements." *Nordstrom*, 331 N.W.2d at 905. The court has not ruled, however, that absence of an on-record waiver of these rights would prevent enhancement of the penalty for a second offense.

■ We find it unnecessary to decide whether the State must show a waiver of the right to confront witnesses in order to enhance a subsequent offense because Rau validly waived this right on the record. One of the acknowledgment-of-rights forms Rau signed advised him of his right to confront and cross-examine all witnesses.

■ We also conclude that the absence of an on-record waiver of the right to sub-

poena witnesses does not prevent use of Rau's prior conviction to enhance his second offense. The acknowledgement-of-rights form that Rau signed was prepared for the purpose of complying with Minn.R. Crim.P. 5.01, which governs procedures on first appearance. It requires that defendants be advised of the privilege against self-incrimination, the right to counsel, and the right to a jury trial. Rule 15.02, which governs acceptance of guilty pleas in misdemeanor cases, provides that a defendant must be advised of the following rights in addition to the right to counsel:

(a) to trial by a jury of 6 persons;

(b) to confront witnesses against him;

(c) to subpoena witnesses for him;

(d) to remain silent at trial or at any other time;

(e) that he is presumed innocent and the State must prove its case beyond a reasonable doubt.

Minn.R.Crim.P. 15.02(4).

Rule 15.03, subd. 2, allows misdemeanor defendants to waive appearance and submit instead a signed petition to plead guilty. The petition to plead guilty appended to Rule 15 advises the defendant of the following rights in addition to the right to counsel:

a. the right to a trial to the court or to a jury of six (6) members in which he is presumed innocent until proven guilty beyond a reasonable doubt;

b. the right to confront and cross-examine all witnesses against him;

c. the right to remain silent or to testify for himself.

Minn.R.Crim.P. 15 app. B. The comment to Rule 15 says the petition "contains in substance the information * * * required by Rule [15.02]."

The forms that Rau signed gave him a more extensive advisory of his rights than would a petition to plead guilty under Rule 15.03, subd. 2. They conformed to Rule 15.02 in every way except for the omission of the right to subpoena witnesses. Although important, waiver of the right to compulsory process is not as critical to the validity of a guilty plea as the privilege against self-incrimination and the rights to counsel, trial by jury, and confrontation. In this case the failure to advise Rau of his right to subpoena witnesses does not affect the validity of his guilty plea. The record is sufficient to show the plea was voluntary and intelligent. *See, e.g., State v. Doughman*, 340 N.W.2d 348, 351 (Minn.Ct.App. 1983), *petition for rev. denied* (Minn. Mar. 15, 1984).

### DECISION

The trial court erred in dismissing the gross misdemeanor charges. Rau validly waived his right to counsel and his right to cross-examine witnesses when he pled guilty to a prior DWI offense, and the record shows his guilty plea was voluntary and intelligent, despite the absence of an on-record waiver of the right to subpoena witnesses. Therefore the prior conviction may be used to enhance the subsequent DWI offenses.

Reversed.