**STATE of Minnesota, Respondent,**

v.

**Bruce WATERSTON, Appellant.**

No. C3–85–240.

Court of Appeals of Minnesota.

July 30, 1985.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Michael McCauley, City Atty., Deborah M. Juhl, Asst. City Atty., Mankato, for respondent.

James J. Hulwi, Jr., Mankato, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Following a non-jury trial, appellant was convicted of driving under the influence of alcohol, Minn.Stat. § 169.121, subd. 1(a) (1984). On appeal, he contends the finding of guilt was not sufficiently supported by the evidence, and that the conviction should be dismissed because an officer refused to test his blood alcohol concentration. We affirm.

## FACTS

Appellant Bruce Waterston was arrested after a one-car accident which occurred on a Mankato street at about 1:20 a.m. on August 17, 1984. The accident was observed by a police officer, and shortly thereafter another officer came to the scene.

Both officers, each with lengthy police experience, testified that appellant was under the influence of alcohol. One related that appellant said he had consumed four beers in a period of about two hours before the accident.

Appellant was arrested and given an implied consent advisory. After he called an attorney, he said that he refused blood alcohol testing. Subsequently, he said his lawyer had not told him his license would be revoked. He called the lawyer again, and then he asked the officers to do testing. At that point, his request was denied.

Appellant waived a jury trial. The trial judge found him guilty of driving under the influence of alcohol. This appeal followed. Appellant requests dismissal due to denial of his request for blood alcohol testing, but he made no motion for dismissal before the trial was conducted.

## ISSUES

1. Was evidence sufficient for a conviction?

2. Can this court consider a dismissal which was not proposed in pre-trial proceedings?

## ANALYSIS

### I.

A finding of guilt will be affirmed if it is reasonable; we must keep in mind the burden of proof in a criminal case, but we view the evidence in a light most favorable to the finding. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). The trial judge's decision is given the same weight as a jury verdict. *State v. Gardin,* 251 Minn. 157, 161, 86 N.W.2d 711, 715 (1957).

Appellant's contentions on the evidence are without merit.

1. Appellant says the accident occurred because a door latch was broken, the door came open on a turn, and he was thrown from the car. However, appellant said he knew of the broken door, and the evidence permitted an inference that his condition impaired his ability to handle the opening door.

2. Appellant claims the opinions of the officers were supported only by their description of alcohol on his breath. However, one officer said appellant's balance was unsteady and the other said he was unusually talkative. The evidence permitted the trial court to find that the officer's testimony was credible.

3. Finally, appellant argues that the court gave too little weight to his testimony and to the testimony of his witnesses. Appellant testified that he had one beer before the accident and that he had not admitted otherwise. A friend testified that he saw appellant drink only one beer. The issue here is one of the believability of testimony, and we must assume the factfinder believed the state's witnesses and disbelieved conflicting testimony. *Merrill,* 274 N.W.2d at 111. Moreover, there were conflicts in the testimony of appellant and his friend that made it reasonable to question their claims.

The evidence was sufficient here to support the conviction.

### II.

Rule 10.01 of the Minnesota Rules of Criminal Procedure requires that "[d]efenses, objections, issues, or requests which are capable of determination without trial on the merits shall be asserted or made before trial by motion to dismiss or to grant appropriate relief." Rule 10.03 of Minnesota Rules of Criminal Procedure further provides:

> The motion shall include all defenses, objections, issues and requests then available to the moving party. Failure to include any of them in the motion constitutes a waiver thereof, but the court for good cause shown may grant relief from the waiver.

Constitutional objections to a prosecution are properly raised in a pretrial motion to dismiss. *State v. Medenwaldt,* 341 N.W.2d 885, 888 (Minn.Ct.App.1984). *See City of Minneapolis v. Buschette,* 307 Minn. 60, 66, 240 N.W.2d 500, 503 (1976).

Appellant's claim could have been made before trial. He has waived his claim by failing to make any pretrial motions, and he has not made a showing of good cause why he should be relieved from the waiver. *See State v. Stagg,* 342 N.W.2d 124, 126 (Minn.1984).

## DECISION

The evidence is sufficient to support appellant's D.W.I. conviction. Because appellant failed to raise his claim for dismissal in a pretrial motion to dismiss, he cannot assert the claim on appeal.

Affirmed.