**STATE of Minnesota, Respondent,**

v.

**Daniel Jerome OFFERMAN, Appellant.**

**No. C1–85–1337.**

Court of Appeals of Minnesota.

Dec. 24, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Barry M. Robinson, Coon Rapids, for respondent.

Michael P. Gallagher, Hopkins, for appellant.

Considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Daniel Jerome Offerman appeals from an order denying his motion to resentence for a misdemeanor instead of a gross misdemeanor. He contends that the trial court erred by using the underlying license revocation to enhance the subsequent DWI to a gross misdemeanor offense because the revocation was rescinded prior to trial. We affirm.

## FACTS

On November 3, 1984, appellant's driver's license was revoked by Hennepin County District Court pursuant to an October 27 implied consent violation. On November 18, 1984, appellant was arrested in Anoka County for driving while under the influence of alcohol and formally charged with aggravated DWI on December 21, 1984.

On January 10, 1985, the Hennepin County Court rescinded Offerman's license revocation and reinstated his driving privileges because the arresting officer on the October 27 charge failed to appear at trial. On April 11, 1985, Anoka County District Court denied appellant's motion to dismiss the aggravated DWI charge. The court held that the subsequent rescission of the revocation, which led to the aggravated DWI charge, does not mandate a dismissal of the gross misdemeanor charge. The trial court convicted Offerman of aggravated DWI and sentenced him to 365 days in jail, 275 days stayed, credit for 30 days if he successfully completes treatment, $500 fine with $250 stayed and one year probation. The trial court stayed his sentence pending this appeal.

## ISSUE

Should the charge of aggravated DWI be dismissed because the underlying revocation is later rescinded?

## ANALYSIS

Minn.Stat. § 169.129 (1984) provides:

Any person who drives, operates, or is in physical control of a motor vehicle, the operation of which requires a driver's license, within this state in violation of section 169.121 or an ordinance in conformity with it before his driver's license or driver's privilege has been reinstated following its cancellation, suspension or revocation (1) because he drove, operated, or was in physical control of a motor vehicle while under the influence of alcohol or a controlled substance or while he had an alcohol concentration of 0.10 or more or (2) because he refused to take a test which determines the presence of alcohol or a controlled substance when requested to do so by a proper authority, is guilty of a gross misdemeanor.

Appellant is not contesting the misdemeanor DWI charge *or* the driving after revocation charge pursuant to Minn.Stat. § 171.24 (1984). He argues only that the driving after revocation charge should not be used to change a misdemeanor DWI into a gross misdemeanor aggravated DWI. Appellant argues that *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983) dictates such a result. However, *Nordstrom* involved a prior DWI conviction which occurred because of an uncounseled guilty plea. It was primarily concerned with defendant being afforded his full constitutional protection in prior proceedings. Moreover, the aggravating factor in *Nordstrom* is his prior record. In the instant case, it is the status of his driver's license.

Appellant drove an automobile while intoxicated knowing his license was revoked. The statute requires no more.

## DECISION

The trial court is affirmed.