STATE of Minnesota, Appellant,

v.

Curt Clarence FUSSY, Respondent.

No. C7–89–2145.

Supreme Court of Minnesota.

March 29, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Douglas L. Johnson, Coon Rapids, for appellant.

William Peterson & Associates, Ltd., James L. Erickson, Brooklyn Center, for respondent.

WAHL, Justice.

The State of Minnesota appeals a decision by the court of appeals which reverses the gross misdemeanor DWI conviction of defendant Curt Clarence Fussy. The court of appeals held that defendant, by his pretrial motion and accompanying affidavits, properly challenged the validity of his prior misdemeanor DWI conviction and thereby put the state to its burden of proving that the prior conviction was not obtained in violation of defendant's right to counsel. The court of appeals held further that because the state could not meet that burden, the conviction could not be used to enhance the current offense to a gross misdemeanor. We affirm.

Defendant was arrested in Anoka County on August 18, 1989, for driving while under the influence of alcohol (DWI). Because defendant had previously been convicted of DWI in Hennepin County in 1985, he was charged with gross misdemeanor DWI pursuant to Minn.Stat. § 169.121, subd. 3(b) (West Supp.1989) (a second misdemeanor DWI offense within 5 years of a previous DWI conviction enhances the charge for the second offense to a gross misdemeanor).

■ It is undisputed that defendant's prior conviction was based on a plea of guilty entered without representation by counsel. At the pretrial conference on the current matter, defendant moved to dismiss the charges against him on the grounds that (1) the prior conviction was the result of an uncounseled guilty plea,[1] and (2) the uncounseled plea lacked an adequate factual basis. In support of his motion, defendant submitted an affidavit in which he asserted, in pertinent part:

2.  *  *  *  I do not specifically recall being advised by the court of my right to have an attorney.

3.  I also do not recall the court asking me any questions about the incident which resulted in my arrest when I pleaded guilty.  *  *  * As I recall, I simply told the judge that I was guilty and was sentenced.

---

1. An "uncounseled plea" is a plea where the defendant has no counsel and did not waive his right to counsel. *State v. Warren,* 419 N.W.2d 795, 797 (Minn.1988).

Defendant also submitted the sworn affidavit of the attorney representing him in the current matter, asserting that the attorney had made a search for defendant's guilty plea and that no records of defendant's 1985 guilty plea were available. The parties agreed that no petition to plead guilty was on file at Hennepin County and that no transcript of the previous plea was available.

The trial court denied defendant's motion to dismiss. On stipulated facts, defendant was tried by the court and convicted of gross misdemeanor DWI in violation of Minn.Stat. § 169.121 subds. 1(d) and 3(b). He was sentenced and execution of sentence was stayed pending appeal. The court of appeals reversed the conviction, concluding that defendant's pretrial motion and affidavits were sufficient to impose upon the state the burden of proving the validity of the prior conviction in order to use it for enhancement purposes, a burden the state could not meet in' light of the absent records. *State v. Fussy*, 458 N.W.2d 428 (Minn.App.1990). On appeal, the state claims that more evidence than defendant produced is required under our cases to challenge enhancement of DWI charges and shift the burden of production to the state.

■■■■■■ Under Minnesota law, it is well established that a prior DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor absent a valid waiver of counsel on the record. *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983). Once the defendant has properly challenged the constitutional validity of the prior conviction in a pretrial proceeding, the burden is on the state to show that the conviction is valid. *Id.* The defendant in *Nordstrom* did not recall being advised of his right to counsel and there was "no record whatsoever" of his prior plea. *Id.* at 903–04. We refused to presume a waiver of constitutional rights from a silent record. *Id.* at 904 and n. 6 (citing *Boykin*

*v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969)).

*Nordstrom* was a charge enhancement case and, factually, virtually identical to defendant's case. The state argues that *Nordstrom* has been circumscribed by this court's subsequent decision in *State v. Goff*, 418 N.W.2d 169 (Minn.1988), a case that arose in the context of sentence enhancement.[2]

*Goff* involved the use of prior felony convictions in computing the defendant's criminal history score for sentencing on a current felony. The defendant demanded that the state prove the prior convictions had not been obtained in violation of his right to counsel before using them to compute his criminal history score though he made no claim that his right to counsel had been violated. We held that in order to properly challenge the use of a prior conviction, "a defendant must do more than simply request that the state be put to its burden of proving that the prior conviction was not obtained in violation of the defendant's right to counsel." *Id.* at 170. First, a defendant must promptly notify the state, after receiving the sentencing worksheet, which, if any, of the prior convictions relied upon in computing the criminal history defendant contends were obtained in violation of the right to counsel; and, second, defendant must produce evidence in support of that contention with respect to each challenged conviction. *Id.* at 172. That burden of production could ordinarily be met, we stated, by the defendant's submission of "a detailed sworn affidavit indicating that he was not represented by counsel in the prior proceeding and that he did not validly waive his right to counsel." *Id.* Thus, although the defendant does not have the ultimate burden of proof, the defendant is obligated to come forward with some evidence indicating that the defendant was deprived of the right to counsel before the state must assume its burden of proof. *Id.*

---

**2.** We extended *Nordstrom* to sentence enhancement in *State v. Edmison*, 379 N.W.2d 85 (Minn. 1985), where we held that a conviction based on

an uncounseled misdemeanor plea may not be used in computing a defendant's criminal history score.

■ The question arises whether the *Goff* burden of production required of a defendant in the sentencing enhancement context applies in the *Nordstrom* charge enhancement context. We conclude that it does. The purpose of the DWI enhancement statute is to increase the penalty for a second offense. *State v. Berkelman*, 355 N.W.2d 394, 397 n. 2 (1984). The resulting increased period of incarceration converts the crime into a gross misdemeanor by definition. *See* Minn.Stat. § 609.02, subds. 2, 3 & 4 (1988) (definitions of felony, misdemeanor and gross misdemeanor, respectively). Further, in *Nordstrom*, we characterized the DWI charge enhancement statute as a sentence-enhancing provision by stating that, absent valid waiver of counsel on the record, a prior conviction "cannot be used *to enhance the term of incarceration for a subsequent offense.*" 331 N.W.2d at 905 (emphasis added). Commentators also have noted little distinction between the use of a prior conviction for charge enhancement and its use for sentence enhancement[3]. We hold, therefore, that the burden of production required of a defendant challenging the use of a prior conviction for sentencing enhancement also applies when the defendant challenges the use of a prior conviction for charge enhancement.

■ We come then to the crucial question of whether defendant in the present case has satisfied that burden of production thereby properly challenging the validity of the prior conviction and putting the state to its burden of proof. Defendant's motion to dismiss gave notice to the state that he challenged the conviction. His attached affidavits provided evidence that defendant was unrepresented at the prior guilty plea, that he lacked recollection of

an advisory or waiver of his right to counsel, and that he had conducted a search for the records of the prior plea and found them unavailable.

The state argues that the defendant's sworn assertion that he lacked recollection of being advised of his right to counsel is tantamount to the "mere request" that the state prove the validity of the conviction that was rejected by this court in *Goff* and is insufficient to satisfy defendant's burden of production. In *Goff*, however, the defendant made no attempt whatever to show a violation of his right to counsel and made no preliminary search for the records of the convictions. His request failed even to satisfy the challenge we found proper in *Nordstrom* where the defendant's pretrial assertion that he was unrepresented at the previous guilty plea and that he lacked recollection of either advisory or waiver, in conjunction with the complete absence of any record with which valid waiver might be established, was sufficient to put the state to its burden of proof.

■ A sworn assertion that the defendant does not recall being advised by the court of his right to counsel is, as the state notes, something less than the sworn assertion that the defendant did not validly waive his right to counsel suggested as adequate in *Goff*. 418 N.W.2d at 172. The *Goff* burden of production is met, however, when such an assertion is accompanied by evidence that no record of the prior plea exists. The Minnesota Rules of Criminal Procedure, in Rule 15.09, require that either a verbatim record shall be made of a plea of guilty to a misdemeanor or a petition to enter a plea of guilty, as provided in the appendix B to Rule 15, shall be filed with the court. Minn.R.Crim.P. 15.09. *Nordstrom* requires a valid waiver of de-

---

**3.** *See* Rudstein, *The Collateral Use of Uncounseled Misdemeanor Convictions After Scott and Baldasar*, 34 U.Fla.L.Rev 517, 531 (1982) ("While *Baldasar* involved aggravation of a second theft offense from a misdemeanor to a felony, the additional period of imprisonment controlled, rather than the nature of the offense."); A. Campbell, *Law of Sentencing*, 140-41 (1978) (Courts routinely take the view that repeat-offender statutes relate solely to sentencing and neither create a separate offense nor

relate directly to an offender's prior crime; instead they merely enhance sentences for subsequent offenses."); Baertschi, *Resisting Enhancement: Collateral Attacks on Guilty Pleas*, 45 Bench and Bar of Minnesota, No. 9, 21-24 (Nov. 1988) (Although the procedural status in a sentence enhancement case is much different than in a charge enhancement case, the essence of the challenge facing the defendant is the same: attack the validity of the previous guilty plea or accept the likelihood of a harsher sentence).

fendant's right to counsel on the record, the record required by Rule 15.09, or a prior misdemeanor DWI conviction is invalid for charge enhancement purposes. 331 N.W.2d at 905.[4]

Our concern, expressed in *State v. Borst,* 278 Minn. 388, 397, 154 N.W.2d 888, 894 (1967) and in *Nordstrom,* "that an accused person may wind up in jail without the assistance of counsel, to present what defense he may have *remains unchanged"* to this date. 331 N.W.2d at 905 (emphasis added). We reaffirm *Nordstrom* because

> [The] right to counsel and the Rules of Criminal Procedure we have established to protect it must be observed. Whether a defendant is indigent or not, there must be a valid waiver of the right to counsel on the record when the plea of guilty is entered or that conviction cannot be used to enhance the term of incarceration for a subsequent offense.

*Id.*

■ We hold that the court of appeals was correct in its determination that defendant in his pretrial motion and accompanying affidavits properly challenged the validity of his prior misdemeanor DWI conviction and thereby put the state to its burden of proving that the prior conviction was not obtained in violation of defendant's right to counsel. The state in this case has not sustained its burden of proof.

■ This decision places no new burden on the state. Seven years ago *Nordstrom* put the state and every subdivision of the state on notice that adequate record-keeping, as required by Rule 15, Minn.R. Crim.P., is essential to DWI enhancement and to adequate appellate review. *Id.* Under Rule 15, a petition to plead guilty, signed by the defendant, is an adequate record of misdemeanor proceedings. Minn. R.Crim.P. 15.09. We agree with the court of appeals that such a petition is prima facie evidence that the plea was not ob-

tained in violation of defendant's right to counsel. *Clark,* 361 N.W.2d at 107. Counsel for the state has noted that the facts upon which this case is narrowly decided arise approximately once in 1,000 cases. The burden of record-keeping is on the state. If the records of a prior guilty plea are unavailable so that the conviction based on that plea cannot be used for enhancement purposes, the state may still obtain a conviction for the current misdemeanor offense.

The state's second claim on appeal is that defendant's affidavit was not sufficient to put the state to its burden of proving that the prior conviction was supported by an adequate factual basis. Because we conclude that the defendant properly challenged the validity of the prior conviction on the basis of right to counsel and that the state failed to meet its burden of proof, we need not reach this issue.

The decision of the court of appeals is affirmed; the case is remanded for sentencing on the misdemeanor DWI.

Affirmed and remanded.

GARDEBRING, J., took no part.

---

**4.** *Nordstrom* apparently influenced involvement of trial courts in ensuring adequate record keeping. *See* Baertschi, *supra,* note 3, at 21–24. (Shortly after *Nordstrom,* judges began conditioning their acceptance of guilty pleas on the defendant's signing of a written plea agreement,

which the court of appeals subsequently held was prima facie evidence that the plea was not obtained in violation of the defendant's right to counsel. *State v. Clark,* 361 N.W.2d 104, 107 (Minn.App.1984)).